UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLOIRDA
(FT. MYERS DIVISION)

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

    Plaintiff,

                                          CASE NO. 2:18 CV 00601-UA-MRM

v.

REDLANDS CHRISTIAN MIGRANT ASSOCIATION INC.,

    Defendant,

_____/

**ANSWER, AFFIRMATIVE DEFENSES, MOTION FOR A MORE DEFINITE STATEMENT, MOTION FOR TO STRIKE AND COUNTER CLAIM**

Defendant, Redlands Christian Migrant Association Inc. ("Redlands") files this response to Plaintiff, Employers Insurance Company of Wausau ("Wausau")'s Complaint, along with its Affirmative Defenses, Motion for a More Definite Statement, Motion to Strike and Counterclaim as follows:

**ANSWER**

1.     Denied

2.     Without knowledge and therefore denied

3.     Admitted

4.     Denied

5.     Denied

6.     Denied

7. Denied

8. Denied

## COUNT I

9. Admitted and denied as stated above

10. Admitted

11. Denied

12. Denied

## COUNT II

13. Admitted and denied as stated above

14. Denied

15. Denied

16. Denied

17. Denied

## AFFIRMATIVE DEFENSES

1. For its first affirmative defense, this Defendant would allege that Plaintiff is estopped from asserting the claims set forth herein due to the doctrine of laches.

2. For its second affirmative defense, this Defendant would allege that Plaintiff is estopped from asserting the claims set forth herein due to the doctrine of estoppel.

3. For its third affirmative defense, this Defendant would allege that Plaintiff is barred from asserting the claims set forth herein due to the statute of limitations.

4. For its fourth affirmative defense, this Defendant would allege that Plaintiff is not entitled to equitable relief due to unclean hands.

5.     For its fifth affirmative defense, this Defendant would allege that Plaintiff claims are barred as their insurance policy violated public policy.

6.     For its sixth affirmative defense, this Defendant would allege that to the extent, if any, that Plaintiff has incurred any damages as alleged in the Complaint, Plaintiff's claims and damages are subject to offset in an amount equal to the damages incurred by Defendant as alleged in its Counterclaim, below.

7.     For its seventh affirmative defense, this Defendant would allege that Plaintiff's claims for damages are barred (in whole or in part) as a result of Plaintiff's failure to comply with the implied covenant of good faith and fair dealing under Florida law.

8.     For its eighth affirmative defense, this Defendant would allege Plaintiff's claim for equitable relief in Count II is repugnant to its claim for breach of contract and is barred by the doctrine of election of remedies.

9.     For its ninth affirmative defense, this Defendant would allege Plaintiff's claims are barred under the voluntary payment doctrine to the extent it seeks to recover retrospective premium amounts allegedly due from Defendant resulting from Plaintiff's payment of any claim or claims for which it was not legally obligated to pay under the 014 policy and/or from Plaintiff's payment of unnecessary or unreasonable amounts on claims arising under the 014 policy.

10.    For its tenth affirmative defense, this Defendant would allege Plaintiff's claims are barred due to its prior breach of its obligations and duties to Defendant under the 014 policy.

**MOTION TO STRIKE ENTITLEMENT OF ATTORNEY FEES**

Defendant, Redlands Migrant Association Inc. files this Motion to Strike Plaintiff, Employer Insurance Company of Wausau's claim of entitlement to attorney fees, and states:

1. Wausau filed a count for Unjust Enrichment in which in 17 it alleged an entitlement to attorney fees under Federal Law.

2. This case will be litigated pursuant to Florida substantive law.

3. Florida follows the American Rule and attorney's fees are not awarded in the alleged cause of action as unjust enrichment is not an appropriate claim for which attorney's fees will be awarded.

4. Thereby, Wausau's claim for attorney's fees should be stricken.

WHEREFORE and based upon the foregoing, Defendants pray that this Honorable Court strike Plaintiff's claim for attorney's fees in Plaintiff's Complaint based upon the above stated facts and grant any and all other such relief that this Court deems proper and just.

## MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff, Redlands Christian Migrant Association Inc. ("Redlands") files this Motion for a More Definite Statement from Defendant, Employers Insurance Company of Wausau ("Wausau") as follows:

1. In its complaint, Wausau claims that it is owed $503,839.00 in retrospective premiums.

2. As Wausau has not provided Redlands any exhibits, charts or financial statements, Redlands questions how that amount was calculated and the method in which Wausau concluded it was owed said amount.

3. Therefore, Redlands is in need of a more definite statement concerning the calculation of retrospective premiums and the matter it which it reached that conclusion.

WHEREFORE and based upon the foregoing, Defendant respectfully requests this Honorable Court to enter an order granting Redlands Christian Migrant Association Inc. with a more definite statement and all other such relief that this Court deems proper and just.

## DEMAND FOR JURY TRIAL

This Defendant demands trial by jury of all issues so triable.

## COUNTERCLAIM

Defendant Counter-Plaintiff, Redlands Christian Migrant Association Inc. ("Redlands") sues the Plaintiff Counter-Defendant, Employers Insurance Company of Wausau ("Wausau") as follows:

1.      At all times material hereto, Redlands was a Florida non-profit corporation whose principal place of business was and is in Immokalee, Collier County, Florida.

2.      At all times material hereto, Wausau is a Wisconsin corporation authorized to conduct business in Florida and whose principal place of business is Wausau, Wisconsin.

3.      At all times material hereto, Wausau provided Redlands with a workers' compensation policy.

4.      Wausau, having brought this action, is subject to the jurisdiction and venue of this Court for purposes of this Counterclaim, which arises out of the same transactions and occurrences alleged in Wausau's Complaint seeking damages in excess of $75,000.00 exclusive of interests, attorneys' fees and court costs.

## GENERAL ALLEGATIONS

5.      On or about August 16, 2004, Wausau issued a policy of insurance to Redlands, identified as Workers' Compensation and Employer's Liability Policy No. WCC-Z91-423775-014. A true and correct copy of the Workers' Compensation and Employer's Liability Policy ("the 014 policy") is attached to Wausau's Complaint as Exhibit 1.

6.      The 014 policy's terms include retrospective premium adjustments, whereby Wausau retrospectively determines the annual amount due for premiums under the 014 policy.

7.     Wausau has demanded payment of $503,839.00 from Redlands for retrospective premium allegedly due under the 014 policy.

8.     As a result of Wausau's actions, Redlands has had to retain legal counsel and is obligated to pay reasonable attorneys' fees in connection with its defense and prosecution of this action.

9.     All conditions precedent to this counterclaim have been performed, waived, or excused.

10.    On November 23, 2004, Dana Wright, a teacher working at Redlands was injured on the job.

11.    Dana Wright received and continues to receive her medical treatment and benefits under Redlands workers' compensation policy from Wausau.

12.    To date, the Dana Wright claim remains open almost 14 years since the date of injury and the cost of the claim continues to increase.

## **COUNT I- BREACH OF CONTRACT**

13.    Counter-Plaintiff, Redlands realleges paragraphs one through twelve as if fully stated herein and further states.

14.    The 014 policy constitutes a contractual agreement between Wausau and Redlands.

15.    Wausau breached its duty to exercise due diligence in its handling of claims made against Redlands under the 014 policy, resulting in Wausau's payment of unreasonable, unnecessary and unwarranted amounts to claimants.

16.    The unreasonable, unnecessary and unwarranted amounts paid by Wausau caused it to determine that Redlands owes $503,839.00 for retrospective premiums allegedly due under the 014 policy.

17.    Redlands has suffered damages as a result of the breach.

18.    Counter-Plaintiff is entitled to fees under Florida Statute 627.7428.

Wherefore, Counter-Plaintiff Redlands Christian Migrant Association Inc. demands judgment against the Counter-Defendant, Employers Insurance Company, including costs and attorney fees, pre-judgment interest and such other and further relief as this Court may deem appropriate.

## COUNT II- BREACH OF A FIDUCIARY DUTY

19. Counter-Plaintiff, Redlands realleges paragraphs one through eighteen as if fully stated herein and further states.

20. At all times relevant, Redlands reposed trust and confidence in Wausau to exercise due diligence and act reasonably, fairly and in Redland's best interests with respect to its handling of claims made under the 014 policy.

21. Because of the potential for an insurer such as Wausau to overcharge the insured under a retrospective premium policy, Florida law imposes an independent fiduciary duty to exercise the utmost good faith and reasonable discretion in evaluating and resolving claims made under such policies in a timely and appropriate manner.

22. Wausau therefore owed a fiduciary duty to Redlands.

23. Wausau breached its fiduciary duty owed to Redlands.

24. Wausau's breach resulted in its determination that Redlands owes $503,839.00 for retrospective premiums allegedly due under the 014 policy.

25. Redlands has suffered additional damages as a result of the breach.

26. Counter-Plaintiff is entitled to fees under Florida Statute 627.7428.

Wherefore, Counter-Plaintiff Redlands Christian Migrant Association Inc. demands judgment against the Counter-Defendant, Employers Insurance Company, including costs and

attorney fees, pre-judgment interest and such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

The Counter- Plaintiff, Redlands Migrant Association Inc., herein demands a trial by jury on all issues so triable by law.

/s/ Keith M. Hanenian
FBN: 0873225
CRISTAL | HANENIAN, LLC
Attorneys for Redlands Christian
Migrant Association Inc.
P.O. Box 21268
Tampa, Florida 33622
(813)-258-8500-office
(813)-258-8501-facsimile
KHanenian@chfloridalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the counsel Michael R. Morris, Attorney for Employers Insurance Company of Wausau, michael@morris.lw, 777 South Flagler Drive Ste. 800- West Tower, West Palm Beach, Florida 33401.