`                                  CASE NO. 2:18-CV-601-FTM-99MRM

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

     Plaintiff,
v.

REDLANDS CHRISTIAN MIGRANT ASSOCIATION, Inc.,

     Defendant.
_____/

## Motion for More Definite Statement

Plaintiff, Employers Insurance Company of Wausau ("Wausau") moves for a more definite statement as to Redlands Christian Migrant Association, Inc.'s Counterclaim and says:

Federal Rule of Civil Procedure 8 reads as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>     (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>     2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>     (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

### COUNT I

Count I – Breach of Contract states that Redlands has suffered damages as a result of Wausau allegedly paying unreasonable amounts to "claimants" – i.e. more than the single mentioned claimant, Dana Wright. The counterclaim fails to give Wausau any basis on which to understand what is its allegedly breaching activity or to answer properly.

Redlands asserts that it has suffered damages, but the only amount it references is the $503,839.00 owed by Redlands to Wausau. Wausau thus has no way of answering the amount sought by Redlands. Wausau does not seek details of how Redlands comes to its damage calculations, but is entitled to know, at a minimum, what is the amount of damages sought.

Redlands claims an entitlement to fees under Florida Statute §627.7428. It is impossible for Wausau to answer the element of this count as no such statute exists.[1]

## Count II

With reference to Count II, Breach of Fiduciary Duty, the counterclaim fails to provide enough information for Wausau to identify where Redlands alleges the basic elements of a breach of fiduciary claim.[2] Redlands, in referencing all previous paragraphs (including the entirety of Count II), admits that there is a contract relationship between Wausau and Redlands, but does not reference anywhere in that contract a contractual agreement to undertake a fiduciary duty. Redlands asserts in Paragraph 21 that Florida law imposes a fiduciary duty on insurers (without distinguishing between insurance where the insured and the beneficiary are the same person or family such as life or medical insurance and workers' compensation insurance, where the insured and beneficiary are not only not the same, but may be adverse to each other). A complaint completely devoid of any ultimate facts indicating a fiduciary relationship is improper and Wausau

---

[1] Wausau points this out in the context of proffering this motion as an exhibit to its overall motion to set aside default. If the motion to set aside is granted, Wausau will confer with Redlands to determine what statute Redlands means to reference, as there are multiple Florida statutes that reference attorney's fees in Chapter 627.

[2] Without admitting that any such relationship exists between Redlands and Wausau, the elements of a breach of fiduciary duty in Florida are "(1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach." *Cassedy v. Alland Investments Corp.,* 128 So. 3d 976, 978 (Fla. 1st DCA 2014)

would be within its rights to seek dismissal, let alone seek a more definite statement. *See Raymond, James & Associates, Inc. v. Zumstorchen Inv., Ltd.,* 488 So. 2d 843, 846 (Fla. 2d DCA 1986).

Likewise, Redlands fails to identify any ultimate facts as to the alleged breach of the duty, simply asserting in Paragraph 23 that Wausau breached its fiduciary duty. However, to the extent that Redlands also acknowledges that it has not paid the premium that resulted from Wausau's payment of claims, it can show no damages. Again, in Count II, Redlands claims an entitlement to fees under Florida Statute §627.7428. It is impossible for Wausau to answer the element of this count as no such statute exists. No sufficient fact is pled to inform Wausau as to whether Redlands argues that statutory fees can serve as the basis for the damages element of fiduciary duty.

WHEREFORE, Plaintiff, Wausau Insurance Companies, hereby demands this Court to enter an order requiring Redlands Christian Migrant Association to submit a more definite statement as to its counterclaim and granting Wausau a reasonable time to file an answer to the more definite counterclaim.

Dated 6 February 2019                   Respectfully submitted,

/s/ Michael R. Morris
Michael R. Morris
Florida Bar No. 70254
Morris & Morris, P.A.
Attorneys for Employers Insurance Company of Wausau
777 South Flagler Drive, Suite 800- West Tower
West Palm Beach, Florida 33401
Telephone Number 561.838.9811
Facsimile Number 561.828.9351
Cellular Number 561.707.8223
E-mail address michael@morris.law

**CERTIFICATE OF SERVICE**

I certify that on 6 February 2019, I electronically filed the foregoing document electronically with the Clerk of Court by using CM/ECF which will generate a Notice of Electronic filing to Keith M. Hanenian, Esq., attorney for Redlands Christian Migrant Association, KHanenian@chfloridalaw.com, P.O. Box 21268, Tampa, Florida 33622.

/s/ Michael R. Morris
Michael R. Morris
F.B.N. 70254