UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

*Plaintiff*,

v.

REDLANDS CHRISTIAN MIGRANT ASSOCIATION INC.,

*Defendant*.

Case No.: 2:18-cv-00601-UA-MRM

## DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Defendant, Redlands Christian Migrant Association Inc. ("Redlands"), files this Motion for a More Definite Statement from Plaintiff, Employers Insurance Company of Wausau ("Wausau"), as follows:

**Law as to Motion for More Definite Statement**

1. Federal Rule of Civil Procedure 12 (e) Motion for a More Definite Statement reads:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably be expected to file a response. *Scarfato v. National Cash Register Corp.*, 830 F.Supp. 1441, 1442-1443 (M.D.Fla 1993).

2. In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure 8(a)(2-3), which requires, if jurisdiction is not at issue, a short and plain statement showing the pleader is entitled to

relief and a demand for the relief sought, which may include alternative or different types of relief. A complaint is not required to prove the Plaintiff's entire case, but it should possess enough heft to set forth a plausible entitlement to relief. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Circ. 2007).

3. To state a claim for breach of contract in Florida, the Plaintiff must plead the existence of a contract, a material breach, and damages. *Mancini Enters. Inc. v. Am. Exp. Co.,* 236 F.R.D. 695, 698 (S.D.Fla 2006).

4. To state a claim for unjust enrichment, the elements required are:

(a). Plaintiff has conferred a benefit on the defendant who has knowledge thereof;

(b). Defendant voluntarily accepts and retains the benefit conferred;

(c). circumstances are such it would be inequitable for the defendant to retain the benefit without paying for it. *Hillman v. Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994).

5. Threadbare recitals of a cause of action's elements should not be supported by mere conclusory statements but by factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

**ARGUMENT AS TO MORE DEFINITE STATEMENT FROM PLANTIFF**

1. In its complaint, Wausau claims that it is owed $503,839.00 in retrospective premiums.

2. Wausau has not provided Redlands any factual or legal basis for the Defendant Redlands to ascertain the basis for which retrospective premiums are allegedly owed to Wausau nor how that amount was calculated and the method in which Wausau

concluded it was owed that specific amount. Thus, the allegation contained in the Complaint are so vague and ambiguous that Redlands cannot reasonably be expected to file a response.

3. Wausau's breach of contract claim in Count 1 and unjust enrichment claim in Count II of its Complaint merely provide conclusory statements to support each cause of actions' elements and do not provide sufficient factual allegations to support each of the claims or to allow the Defendant to prepare an appropriate response to the Complaint without such factual allegations.

4. Therefore, Redlands is in need of a more definite statement concerning the calculation of retrospective premiums, the matter it which it reached that conclusion, and the factual allegations which support the alleged Breach of Contract and Unjust Enrichment claims.

WHEREFORE and based upon the foregoing, Defendant respectfully requests this Honorable Court to enter an order granting Redlands Christian Migrant Association Inc. with a more definite statement or any other relief this Honorable Court deems just and proper.

Date:      March 13, 2019

                                      Respectfully Submitted,

                                       /s/Keith M. Hanenian
                                      Keith M. Hanenian, Esq.
                                      Florida Bar No.: 873225
                                      Law Offices of Keith M. Hanenian, PA
                                      P.O. Box 21268
                                      Tampa, FL 33622
                                      Phone:  813-283-9907
                                      Fax:     813-436-5241
                                      keith@hanenianlaw.com
                                      COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the original of this document was filed via the Florida Courts E-Filing Portal with copies Electronically Mailed on March 13, 2019 to Mike Morris, Esq. at [michael@morris.law](mailto:michael@morris.law).

                                           **/s/Keith M. Hanenian**
                                           Keith M. Hanenian, Esq.
                                           Certifying Attorney