UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(FT. MYERS DIVISION)

CASE NO. 2:18-CV-601-FTM-99MRM

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

    Plaintiff,

v.

REDLANDS CHRISTIAN MIGRANT ASSOCIATION, Inc.,

    Defendant.

_____/

### RESPONSE TO DE 27 MOTION FOR MORE DEFINITE STATEMENT AND 29 ORDER TO RESPOND

Plaintiff, Employers Insurance Company of Wausau ("Wausau") responds to the Motion for More Definite Statement filed by Redlands Christian Migrant Association, Inc. ("Redlands"), and the Order to Respond and says:

### LAW AS TO MOTION FOR A MORE DEFINITE STATEMENT

1.     Federal Rule of Civil Procedure 12 (e) Motion for a More Definite Statement reads:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

2.     Motions for more definite statement are disfavored. *Bazal v. Belford Trucking Company,* 442 F.Supp. 1089 (S.D.Fla.1977). Discovery is the correct vehicle to obtain information necessary for trial. *Erickson v. Hunter,* 932 F. Supp. 1380, 1384 (M.D. Fla. 1996)

3.     In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a "short and plain statement of the claim" will suffice. *Betancourt v. Marine Cargo Mgmt., Inc.,* 930 F. Supp. 606,

608 (S.D. Fla. 1996).

### ARGUMENT AS TO MOTION FOR A MORE DEFINITE STATEMENT

4.     Redlands, in DE 9, filed a document entitled "Answer, Affirmative Defenses, Motion for a More Definite Statement, Motion for to [sic] Strike and Counter Claim." The Court denied, without prejudice, this motion on 8 March 2019, in DE 26

5.     On 13 March 2019, Redlands renewed its motion in DE 27, which possesses 4 argumentative paragraphs to the original 3 paragraphs of its first motion (although it does add a section on law).

6.     The cases cited in the section on law either support Liberty or are irrelevant. Redlands cites *Scarfato v. National Cash Register Corporation* for the language of Federal Rule of Civil Procedure 12 (e), without noting the holding of the case:

> In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices. *Bazal v. Belford Trucking Company, 442 F.Supp. 1089 (S.D.Fla.1977).* Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond. The Plaintiff's pleadings in this case do not fall within that category. Any information the Defendant requires to prepare for trial may be obtained through discovery procedures. Defendant's motion for more definite statement is denied.

 830 F.Supp. 1441, 1442-1443 (M.D.Fla 1993).

Similarly, Redlands cites *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* for the proposition thjat a complaint should possess enough heft to set forth a plausible entitlement to relief without disclosing to the Court that this statement was made in the context of a motion to dismiss for failure to state a cause of action. 500 F.3d 1276, 1282 (11th Circ. 2007). The phrase "more definite statement" appears nowhere in *Stephens.*

Finally, the citation to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-556 (2007) does not

avail Redlands as that case also concerned a motion to dismiss, and mentions motions for more definite statement only once in the body of the opinion- and that to emphasize that a case should not be dismissed because of perceived unlikelihood of recovery.

6. Liberty's previous response to the motion stands as before.[1]

7. The argument made by Redlands in favor of its motion is that it is entitled, in the complaint, to know how the premium amount at issue was calculated goes well beyond the "simple, concise, and direct" allegations contained in Rule 8 of the Rules of Civil Procedure. Such a detailed, itemized allegation is not required in the complaint. *See Reese v. Pennsylvania R. R.*, 14 F.R.D. 153, 154 (W.D. Pa. 1953). Instead, the appropriate remedy course of action is to conduct discovery.

8. Liberty has specifically pled the existence of a policy, its coverage of Redlands, of Redlands acceptance of that coverage, and of Redland's failure to pay the premium invoice generated. To meet the pleading requirements demanded by Redlands would require a pleading to include every line item of every audit, the factual basis for such items, a detailed explanation of the calculation of the premium generated by each item, and an overall explanation of the final premium with all of the surcharges, credits and multipliers (some of which are generated by state agencies and not the insurer). Redlands has failed to cite any case that would require such Herculean effort for the simple reason that no court has ever required it.

### ARGUMENT AS TO ORDER TO RESPOND

9. Undersigned counsel apologizes for the delay in response and believed that the previous answer to the motion for more definite statement would apply to the current motion for more

definite statement, as they both make the same point.

10	In the future, counsel will ensure that a timely response is filed to all motions filed by Redland, whether or not counsel believes them to be repetitive or cumulative.

Dated 18 April 2019,	Respectfully submitted,

/s/ Michael R. Morris
Michael R. Morris
Florida Bar No. 70254
Morris & Morris, P.A.
Attorneys for Employers Insurance Company of Wausau
777 South Flagler Drive, Suite 800- West Tower
West Palm Beach, Florida 33401
Telephone Number 561.903.0562
Facsimile Number 561.828.9351
Cellular Numebr 561.707.8223
E-mail address michael@morris.law

### Certificate of Service

I certify that on 18 April 2019, I electronically filed the foregoing document electronically with the Clerk of Court by using CM/ECF which will generate a Notice of Electronic filing to Keith M. Hanenian, Esq., attorney for Redlands Christian Migrant Association, KHanenian@chfloridalaw.com, P.O. Box 21268, Tampa, Florida 33622.

/s/ Michael R. Morris
Michael R. Morris
F.B.N. 70254

---

[1] Those portions of the previous response dealing with the requirement of filing the motion for more definite statement before filing an answer or other substantive pleading are irrelevant to the current Motion for a More Definite Statement, but the substantive aspect remains valid.